# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** Plaintiff, <br><br> v. <br><br> Matrix Financial Services, LLC <br><br> **Defendants.** | §§§§§§§§§§§§ Case 4:19-cv-00896-ALM-CAN |

### Plaintiffs Response in Opposition to the Motions to Dismiss Filed by all Defendants in this case

1. The Plaintiff hereby files this response in opposition to the motions to dismsis filed in this case.

2. **Plaintiff's claims against Defendant Matrix should not be dismissed.**

3. Plaintiff has stated a claim for vicarious liablity against Defendant Matrix. Matrix was aware that the Plaintiff didn't want to recieve calls to 615-348-1977 as the Plaintiff previously complaind of unwanted calls to this number towards the end of 2019.

4. Plaintiff has properly alleged that National Car Cure placed the calls on behalf of Defendant Matrix and that National Car Cure should be directly liable and Matrix and all other defendants are vicariously liable. Defendants could be held liable under multiple doctrines of agency such as ratification or actual authority.

5. Even after suing the defendants in this instant case, Defendant Matrix still continued to do business with National Car Cure and National Car Cure placed additional calls to the Plaintiff, which is ratification.

6. **Nothing in the Plaintiff's allegations shows consent.**

7. Plaintiff is not seeking to recover for calls placed to the Plaintiff. The call log shows all calls placed of which all calls appear to be by or on behalf of Defendant Matrix by National Car Cure. It wasn't clear who the Plaintiff was calling at the time until the Plaintiff completed a sale incolving Defendant NCC and at no time did the Plaintiff provide his phone number. Simply calling someone back isn't the same as providing your phone number and asking to be called.

8. **Plaintiff's Claims should not be dismissed against National Car Cure and Zander, Collins, and Smith, LLC**

9. Defendants begin their motion with false statements that the Plaintiff has ever brouhgt a case deemed to be in bad faith or for the purpose of harassment.

10. **Plaintiff has adequately pled his claims against NCC and Zander, Collins, and Smith, LLC**

11. The Plaintiff has made sufficient allegations regarding the calls and complaint to meet the requirements of FRCP 8. Plaintiff has been issued 2 policies by the defendants, which were mentioned in the complaint, and the Plaintiff has specified the dates, times, and caller ID's of the calls involved.

12. **Defendants arguments regarding Consent must fail at the Pleading Stage**

13. Defendants are attempting to shoehorn a summary judgment argument regarding consent, which is an affirmative defense in the form of a motion to dismiss.

14. Consent is an affirmative defense requiring evidence and simply can't be resolved at the pleading stage. More to the point, noting in the Plaintiff's complaint makes any admission regarding consent or the Plaintiff providing his phone number to the defendants. Placing calls to a party is simply not consenting to calls from them and no courts have ever concluded this.

15. **As the Managing Entity of National Car Cure, LLC, they are directly liable for directing the illegal calls to the Plaintiff**

16. Zander, Collins, and Smith is the managing entity of National Car Cure, according to the Secretary of State of Florida and corporate filings with the state. Zander Collins, is certainy more than just the registered agent and directed the calls to the Plaintiff. Managers and owners of an entity can be directly liable if they personally participated in the complained of conduct, which is the case under these circumstances.

**17. Plaintiff withdraws his allegations against David Glenwinkel**

18. Plaintiff will move seperately to dismiss his claims against David Glenwinkel

**19. Plaintiff's claims against Sing For Service, LLC, DBA MEPCO should not be dismissed**

20. Plaintiff has adequately pled specific allegations against MEPCO as it is alleged that MEPCO is mentioned in the policy sold to him and MEPCO even after being sued and served in this case continued to do business with Defendant National Car Cure resulting in additional calls to the Plaintiff. Furthermore, MEPCO has been involved in previous complaints of telemarketing involving the Plaintiff in the past and was well aware that the Plaintiff didn't want to recieve calls to 615-348-1977.

**21. Plaintiff has stated a claim under 47 USC 227(b)**

22. Plaintiff has alleged the specifics relating to the calls and that MEPCO was mentioned in both policies sold to the Plaintiff. MEPCO continued to do business with both Matrix and National Car Cure in this case despite knowing that the Plaintiff didn't want to get calls and that the co-defendants were engaged in illegal telemarketing.

23. MEPCO's is vicariously liable for the calls under the doctrine of actual authority and ratification as alleged in the complaint. Apparent authority is also present as MEPCO was named in the car warranty booklet mailed to the Plaintiff as a result of the calls in question.

24. Plaintiff can clarify any outstanding issues in an amended complaint as well.

Craig Cunningham
Plaintiff,

3000 Custer Road, ste 270-206 Plano, Tx 75075

7/20/2020

615-348-1977

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** **Plaintiff,** v. Matrix Financial Services, LLC **Defendants.** | § § § § § § § § § § § § Case 4:19-cv-00896-ALM-CAN |

## Certificate of Service

I certify that a true copy of the foregoing was sent via usps first class mail to the defendants in this case.

*Craig Cunningham*
Plaintiff,

3000 Custer Road, ste 270-206 Plano, Tx 75075

7/20/2020

615-348-1977