IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | Civil Action No. |
| | § | 4:19-CV-00896 |
| MATRIX FINANCIAL SERVICES, | § | |
| LLC, et al., | § | |
| Defendants | § | |

**DEFENDANTS, MATRIX FINANCIAL SERVICES, LLC, NATIONAL CARE CURE, LLC, AND ZANDER, COLLINS & SMITH, LLC'S OMNIBUS REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, MATRIX FINANCIAL SERVICES, LLC ("Matrix Financial"), NATIONAL CARE CURE, LLC ("National Car"), and ZANDER, COLLINS & SMITH, LLC ("Zander Collins") (collectively "Defendants"), by and through undersigned counsel, hereby submit this Omnibus Reply in Support of their respective Motions to Dismiss [DE's 71, 76 and 78][1] (collectively "Motions to Dismiss") Plaintiff, Craig Cunningham's ("Plaintiff"), Amended Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Despite the Court's leniency in providing Plaintiff, a "*pro se*" litigant, with additional time and opportunity to file his Response in Opposition to the Motions to Dismiss ("Plaintiff's

---

[1] Pursuant to Court Order dated July 14, 2020 [DE 90], Plaintiff was required on or before July 20, 2020 to file a response (if any) as to the Motions to Dismiss filed by Matrix Financial [DE 71], National Car [DE 76], David Glenwinkel ("Glenwinkel") [DE 77], Zander Collins [DE 78] and Sing for Service, LLC d/b/a MEPCO [DE 82]. The instant reply is being filed on behalf of Defendants Matrix Financial, National Car and Zander Collins, as the undersigned does not represent Sing for Service, LLC and, pursuant to Plaintiff's Opposition to the Motions to Dismiss [DE 94], Plaintiff has withdrawn his claims against Defendant Glenwinkel (Opp. at ¶ 17), rendering a reply by Defendant Glenwinkel moot. To the extent a reply is required, Defendant Glenwinkel hereby adopts and reincorporates the arguments raised herein.

Opposition" or "Opp.") [DE 94], Plaintiff's Response provides just another example of the type of filing this Court, in addition to other courts throughout the country, have become accustomed to from Plaintiff, a high-volume Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") litigant,[2] who has frankly racked up more federal court litigation experience than the average attorney will during the course of his/her entire legal career. Indeed, despite the luxuries afforded to Plaintiff as a *"pro se"* litigant (not to mention his wealth of experience) Plaintiff does little to show his appreciation for this Court's willingness to give him just one more chance, but instead, demonstrates his gratitude with a hastily strewn together Opposition, filled with misstatements of facts, all in a last ditch effort to beat the "clock."[3]

Moreover, in addition to the array of glaring errors described above, the Opposition (similar to the Complaint) is devoid of **any** factual or legal support whatsoever to support Plaintiff's claims against the Defendants under the TCPA (or any statute for that matter), and otherwise fails to correct the deficiencies of the Complaint as are fully detailed in the Motions to Dismiss. In sum, because Plaintiff has repeatedly demonstrated his inability (nor can he) to sufficiently state a cause of action under the TCPA against **any** of the Defendants, Plaintiff's Complaint fails as a matter of

---

[2] See, *e.g., Cunningham v. Lifestyles Dev., LLC*, Civil Action No. 4:19-cv-00006-ALMCAN, 2019 U.S. Dist. LEXIS 154112, at *9-15 (E.D. Tex. Aug. 8, 2019)(granting motion to dismiss after finding plaintiff had not sufficiently pleaded agency theories); *Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 U.S. Dist. LEXIS 183095, at *9-13 (M.D. Tenn. Nov. 19, 2014 (same); *Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:16-2921, 2018 U.S. Dist. LEXIS 121709, at *14 (M.D. Tenn. July 20, 2018)(finding "alleged actions of the [defendants] in this case do not support a plausible legal claim" for vicarious liability), report and recommendation adopted, No. 3:16-cv-02921, 2018 U.S. Dist. LEXIS 234809 (M.D. Tenn. Aug. 7, 2018; *Cunningham v. Health Plan Intermediaries Holdings*, LLC, No. 17-cv-1216, 2018 U.S. Dist. LEXIS 22921, at *19 (N.D. Ill. Feb. 13, 2018)(finding Plaintiff's "conclusory allegations fail to state a claim for vicarious liability").

[3] The "clock" refers to the 5:00 p.m. deadline imposed by the Court's Order dated July 14, 2020 [DE 90].

law with respect to each of the Defendants and the Motions to Dismiss must be granted for Plaintiff's failure to state a cause of action under Rule 12(b)(6).

## ARGUMENT

### A. Plaintiff Has Failed To Satisfy The Rule 8(a)(2) Pleading Requirement

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

Here, similar to the Complaint, the Opposition consists of little more than conclusory allegations regarding the purported acts taken by the collective Defendants, which Plaintiff contends not only constitute violations of the TCPA, but also make Defendants liable to Plaintiff for his supposed damages suffered as a result of such illegal actions. Opp. ¶¶ 3-5, 11, 16[4]; Compl. ¶¶ 40-46. Moreover, contrary to Plaintiff's contention in the Opposition that Defendants are "vicariously liable" for the "illegal phone calls" allegedly made to Plaintiff by National Car (which National Car denies), Plaintiff has failed to cite any legal authority to support such a position (nor could he) in either the Opposition or Complaint. Opp. ¶¶ 3-4; Compl. ¶¶ 46-50.

---

[4] Curiously, Plaintiff alleges in his Opposition that "Plaintiff is not seeking to recover for calls placed to the Plaintiff," which statement is entirely inconsistent with Plaintiff's claims in the Complaint and, more significantly, undermines the supposed basis for which Plaintiff seeks relief in this matter. Opp. ¶ 7.

However, as a threshold matter, as discussed in Section B *infra,* Plaintiff has failed to rebut the presumption that he consented to National Car calling him directly **after** Plaintiff invited such conduct, without **ever** revoking such consent. Opp. ¶ 3; Compl. ¶ 43.

Additionally, Plaintiff has failed to state a cause of action to hold Zander Collins directly liable for any such calls made to Plaintiff because Plaintiff makes **no** allegation whatsoever, either in the Complaint or Opposition, that Zander Collins made **any** of the complained of calls to Plaintiff, rendering any such claim a legal fiction. Likewise, Plaintiff's Complaint fails to state a cause of action for vicarious liability under the TCPA against either Matrix or Zander Collins, requiring that such claims also be dismissed with prejudice.

The Federal Communications Commission (FCC)'s declaratory ruling in *In re Dish Network* acknowledges the possibility of vicarious liability for TCPA violations under agency principles, including formal agency, apparent authority, and ratification. *See In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 ¶ 28 (2013) ("[W]e find that the seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers…under a broad range of agency principles"). But broad, generalized allegations that lump defendants together are not sufficient to give rise to an inference of an agency relationship. *See Lifestyles Dev., LLC*, 2019 U.S. Dist. LEXIS 154112 at *12 ("Plaintiff must allege factual allegations regarding [defendant's] relationship with the purported agents/callers--broad, general allegations are not sufficient") (citing *Naiman v. Freedom Forever, LLC*, Case No.19-cv-00256-JSC, 2019 U.S. Dist. LEXIS 69728, at *4 (N.D. Cal. Apr. 24, 2019)). A complaint that is "devoid of any facts showing that [a defendant] had control over any other defendant, agent, or caller" must be dismissed. *Id.* (dismissing Plaintiff's vicarious liability claim because Plaintiff "fail[ed] to connect [defendant] with any purported callers; instead, Plaintiff

lump[ed] [all] defendants together, and generally assert[ed] that the calls were made on behalf of [the named defendants] without any further indication of how [the defendant] asserted control over any specific co-defendant, agent, or caller").

Thus, because Plaintiff has failed to allege (and cannot) sufficient facts to connect Matrix or Zander Collins to the calls made to him or to establish that Matrix or Zander Collins had and maintained the requisite control over National Car, Plaintiff has failed to state a claim for vicarious liability and the Complaint must be dismissed as a matter of law.

### B. Plaintiff Cannot Overcome The Presumption That He Provided Consent To National Car

In the Opposition, Plaintiff has failed to rebut the presumption that he provided consent[5] to receive phone calls after August 27, 2019, nor can he[6] for that matter, that Plaintiff placed outgoing calls to National Car.  Rather, without providing any legal support whatsoever, Plaintiff conclusory alleges in the Opposition that by "[s]imply calling someone back isn't the same as providing your phone number and asking to be called" and "[p]lacing calls to a party is simply not consenting to call from them and no courts have ever concluded this."  Opp. at ¶¶ 7, 14.  However, Plaintiff's unsupported position is not only in conflict with the rules and regulations of the Federal Communications Commissions related to the TCPA, but it also has been expressly rejected by this Court on multiple occasions under similar circumstances as here.

Indeed, in *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8769 (1992), it was held that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which

---

[5] 47 U.S.C. § 227(b)(1)(A) (prohibiting only those calls made without the "prior express consent of the called party").

[6] *See* Compl. ¶ 43.

they have given, absent instructions to the contrary". While Plaintiff acknowledges placing calls to National Car, Plaintiff fails to allege that he provided instructions to the contrary, as would be required to revoke consent once granting permission to be called at his number. Moreover, Plaintiff's position that calling someone is not tantamount to consenting to having calls returned, aside from being illogical, has been expressly rejected by this very Court on two (2) separate occasions. *See Morris v. Hornet Corp.*, Civil Action No.: 4:17-cv-00350, 2018 U.S. Dist. LEXIS 170945, at *18-19 (E.D. Tex. Sept. 14, 2018); *Morris v. Copart*, No. 4:15-CV-724, 2016 U.S. Dist. LEXIS 155755, at *29-30 (E.D. Tex. Nov. 9, 2016). In *Hornet* and *Copart*, similar to the facts here, this Court rejected TCPA claims for calls that occurred **after** the plaintiff voluntarily called the defendant and released his phone number to the defendant. *See Hornet*, 2018 U.S. Dist. LEXIS 170945, at *19; *Copart*, 2016 U.S. Dist. LEXIS 155755, at *29-30. Further, as Plaintiff contends he was doing here,[7] the *Hornet* Court determined this to still be true *even* if the calls were made as "an attempt to get information as to the true identity and contact information of the entity calling him." *Hornet*, 2018 U.S. Dist. LEXIS 170945, at *18.

Thus, Plaintiff's misguided attempt to hold Matrix, National Car, and Zander Collins liable for the calls *Plaintiff made* to National Car[8], fails as a matter of law. Indeed, like the plaintiff in *Hornet*, Plaintiff here admits to placing calls to National Car, which he designates in the call log incorporated into the Complaint as being "outbound" calls, beginning on August 27, 2019 and continuing through the filing of the original complaint in this action. *Id.* However, irrespective of whether Plaintiff received calls before or after the filing of this action from National Car, because it is unrefuted that said calls occurred **after** Plaintiff had first placed calls to National Car, Plaintiff

---

[7] *See* Opp. ¶ 7; Compl. ¶ 43.

[8] *See* Compl. ¶¶ 42-43.

consented to receiving the complained of subsequent calls, which consent Plaintiff failed to revoke as would be required by law. *See Hornet*, 2018 U.S. Dist. LEXIS 170945, at *19; *see also Oatman v. Augusta Collection Agency, Inc.*, CV 118-089, 2019 U.S. Dist. LEXIS 213714, at *7-8 (S.D. Ga. Dec. 11, 2019) ("Plaintiff cannot recover for the calls he received after providing Defendant with his phone number…"); *Copart*, 2016 U.S. Dist. LEXIS 155755, at *29.

Accordingly, by failing to overcome the presumption of consent, Plaintiff has failed to state a cause of action against the Defendants for either direct or vicarious liability under the TCPA, and the Complaint must be dismissed as a matter of law.

### C. Plaintiff Has Failed To Demonstrate Ratification By Any Of The Defendants

"[R]atification can occur when the principal retains the benefits of a transaction after he acquires full knowledge of the agent's unauthorized act." *Schakosky v. Client Servs.*, 634 F. Supp. 2d. 732, 735-736 (E.D. Tex. 2007) (citing *Miller v. Kennedy & Minshew, P.C.*, 142 S.W. 3d. 325, 342 (Tex. App. 2003)). "Of critical importance is the principal's knowledge of the transaction and his actions in light of such knowledge." *Id.* at 736.

Here, Plaintiff contends in the Opposition and Complaint that Matrix and Zander Collins ratified the conduct of National Car in making phone calls to Plaintiff, which conduct according to Plaintiff continued after the filing of the instant action. Even assuming *arguendo* that Plaintiff had not consented to receiving calls from National Car (which he did) and/or had revoked consent thereafter (which he didn't), Plaintiff nevertheless fails to show ratification on the part of either Matrix or Zander Collins. Opp. ¶¶ 4-5; Compl. ¶¶ 43-45. Indeed, contrary to Plaintiff's claims in the Opposition, Plaintiff has failed to provide any set of factual allegations to plausibly support his contentions that Matrix and/or Zander Collins knew of the allegedly unlawful calls National Car made to Plaintiff or acted in a manner that would constitute a ratification of such acts after the initial filing of this action by Plaintiff. Most critically, Plaintiff fails to allege any facts as to the

where, when or how either Matrix or Zander Collins had any alleged knowledge regarding the making of any of the calls complained of by Plaintiff or that such calls were supposedly unwelcome (which is contradicted by Plaintiff's own actions as described above).

The only quasi-factual claim that Plaintiff makes in his Opposition is that "Matrix was aware that the Plaintiff didn't want to receive calls to 615-348-1977 as the Plaintiff previously complaind [*sic*] of unwanted calls to this number towards the end of 2019." Opp. at ¶ 1. Calls to that number were at issue in Plaintiff's original Complaint. *See* Original Compl. ¶¶ 29-31 [DE 1]. But Plaintiff dismissed Matrix from *that* claim, DE No. 10 ("Plaintiff's Notice of Nonsuit for Defendant Matrix Financial Services, LLC only"), and only added Matrix back into this case when he alleged an additional set of calls to and from National Car with a completely different mobile phone that Plaintiff allegedly also uses, this one ending in -1812. Compl. ¶¶ 42-44. Thus, Plaintiff's lone factual statement relating to ratification is a *non sequitur*. Plaintiff claims that Matrix knew he did not want to be called at his -1977 number, but only added Matrix back into this action relating to calls by a third-party seller to a completely different phone number of his. Plaintiff never alleges that Matrix knew National Car was calling him on a new phone number, and thus has alleged no facts to plausibly suggest that it even knew National Car was calling Plaintiff on a new phone number, which National Car clearly maintains it had a right to do.

Thus, because Plaintiff has failed to demonstrate ratification by either Matrix or Zander Collins of the supposedly illegal calls made by National Car, Plaintiff's Complaint is legally insufficient as a matter of law and cannot survive dismissal under Rule 12(b)(6).

## CONCLUSION

Plaintiff has failed to sufficiently plead the existence of any cause of action against the Defendants such that any of them can be held directly liable for any of the alleged calls made to Plaintiff. Plaintiff has further failed to provide any factual support to make out a prima facie claim

of vicarious liability against either Matrix or Zander Collins in this action. Accordingly, for the foregoing reasons, in addition to the reasons more fully described in the Motions to Dismiss, Defendants Matrix, National Car and Zander Collins, respectfully request that this Court grant each of their respective Motions to Dismiss Plaintiff Craig Cunningham's Amended Complaint.[9]

Respectfully submitted,

/s/ *Jason S. Weiss*
Jason S. Weiss
WEISS LAW GROUP
5531 North University Drive, Suite 103
Coral Springs, FL 33067
Tel: 954-573-2800
Fax: 954-573-2798
Email: jason@jswlawyer.com
*Counsel for Defendants*
Tel: (954) 573-2800
Fax: (954) 573-2798

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of July, 2020, I caused a copy of the foregoing document to be served via ECF on all parties entitled to receive notice.

/s/ *Jason S. Weiss*
Jason S. Weiss

---

[9] Plaintiff's Opposition fails to mention either Count II (47 CFR 64.1200) or Count III (Texas BCC 305.053) of his Complaint, confirming that Plaintiff is not trying to defend these claims, which have been challenged in each of the Defendants' respective Motions to Dismiss.