**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:19-CV-00896-ALM- |
| v. | § | CAN |
| | § | |
| MATRIX FINANCIAL SERVICES, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On December 5, 2019, Plaintiff Craig Cunningham ("Plaintiff"), proceeding *pro se*, initiated the instant lawsuit with the filing of his Original Complaint [Dkt. 1].  On May 4, 2020, Plaintiff filed his Amended Complaint [Dkt. 50].  Summons were issued as to Defendants Wolf Marketing, LLC, Vincent Yates, Jeremy Valentino, and Data Genie, LLC (collectively, "Defendants" or "unserved defendants") on May 8, 2020 [Dkts. 52; 53; 54; 55].  On July 6, 2020, the Court ordered Plaintiff to file a status report on or before July 16, 2020, advising the Court of Defendants' status in this matter, specifically whether Plaintiff has properly served Defendants and/or whether Plaintiff seeks to non-suit his claims against Defendants [Dkt. 88].  On July 16, 2020, Plaintiff filed a Status Report [Dkt. 92], wherein Plaintiff avers he "has made multiple attempts to serve the named defendants" and "requests another 30 days to attempt service and to update the court on his progress thus far."  On July 21, 2020, the Court granted Plaintiff's request for an extension of time and ordered Plaintiff to file a status report regarding service and/or to dismiss the unserved Defendants no later than August 17, 2020 [Dkt. 96].  The Court specifically warned Plaintiff as follows: "If Plaintiff fails to timely file a further status report on or before this date, the Court will recommend the unserved defendants be dismissed [*See* Dkt. 88]" [Dkt. 96].

To date, more than fourteen days have passed since the deadline, and Plaintiff has not filed a further status report or proof or service and receipt of the Amended Complaint by Defendants Wolf Marketing, LLC, Vincent Yates, Jeremy Valentino, and Data Genie, LLC.  And to date, more than 90 days have passed from the date of filing of the Original Complaint, and Defendants Wolf Marketing, LLC, Vincent Yates, Jeremy Valentino, and Data Genie, LLC have not made an appearance and have not been served.[1]

It is undisputed that "[b]efore a[] federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Service of process in a federal action is generally governed by Rule 4 of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 4.  Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).  Accordingly, Plaintiff has ninety (90) days to accomplish effective service of process.  The intent of the rules for serving process is to give sufficient notice to defendants of any actions filed against them.

More specific to this case, "Rule 5(a) service is proper only *after* a party has appeared in an action." *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) (explaining that service under Rules 5(a)(1)(B) and 5(b) is proper only after a party has appeared in an action) (emphasis added); *see also Netzch Premier Technologies v. Puhler*

---

[1] Plaintiff further confirmed during a telephonic scheduling conference on July 2, 2020, that Defendants Wolf Marketing, LLC, Vincent Yates, Data Genie LLC and Jeremy Valentino have not been served.  The Court further directed Plaintiff to file notice with Court within 14 days confirming service upon these Defendants and admonished that failure to file such notice may result in the recommendation for dismissal as to the unserved Defendants.

*Feinmahltechnik GmbH*, No. 1:16-cv-781-WTL-MPB, 2016 WL 6573886, at *2 n.2 (S.D. Ind. Nov. 7, 2016) (citing *Fluor Eng'rs & Constructors*, 753 F.2d at 449 n.7) ("The Fifth Circuit has held that a party who has not appeared but is not yet in default must be served additional pleadings in accordance with Rule 4."); *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino*, No. C-09-01589-CW (DMR), 2010 WL 2219595, at 3 n.6 (N.D. Cal. June 2, 2010) (finding that a plaintiff seeking default judgment on an amended complaint must first demonstrate proper service of the operative complaint—a party may not avail itself of the more relaxed standard under Rules 5(a)(1)(B) and 5(b) to effect proper service of an amended complaint unless the defendant has appeared in the first instance); *Hegwood v. Ross Stores, Inc.*, No. 3:04-CV-2674, 2006 WL 8437337, at *2 (N.D. Tex. June 30, 2006) ("Because Fuzhou has not yet made an appearance in this action, the Court finds Rule 4 governs service of Ross's cross-claim against Fuzhou."); *E.E.O.C. v. Guardsmark*, No. H-09-3062, 2010 WL 5391269, at *2 (S.D. Tex. Dec. 22, 2010) ("A party must appear in a case in order to be served pursuant to Rule 5.").

Here, Defendants Wolf Marketing, LLC, Vincent Yates, Jeremy Valentino, and Data Genie, LLC have not yet appeared in this action, and Plaintiff has not demonstrated service of his Amended Complaint upon same in accordance with Rule 4.  *See* Fed. R. Civ. P. 4.  Moreover, Plaintiff has been warned about complying with the requirements of Rule 4, and the Court has given Plaintiff ample opportunity to complete service [Dkts. 88; 96].  Plaintiff has failed to serve Defendants Wolf Marketing, LLC, Vincent Yates, Jeremy Valentino, and Data Genie, LLC and has not filed any timely requests for an extension of time to complete service.  There is no good cause here to extend the time period for service any further.  *See Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 2323257, at *1 (N.D. Tex. Apr. 16, 2018), *report and recommendation adopted*, No. 3:17-CV-3296-G (BK), 2018 WL 10435253 (N.D. Tex. May 1,

2018) (dismissing the plaintiffs' case under Rule 4(m) for failing to serve or respond to the Court's notice of impending dismissal); *Ceasar v. United States*, No. 1:18-CV-560, 2019 WL 2112993, at *1 (E.D. Tex. Mar. 28, 2019), *report and recommendation adopted sub nom. Ceaser v. United States*, No. 1:18-CV-560, 2019 WL 2114026 (E.D. Tex. May 13, 2019) (same); *Adams v. Tech. Serv. Professionals*, No. 4:15-CV-00157-ALM-CAN, 2015 WL 10793849, at *1 (E.D. Tex. Aug. 13, 2015), *report and recommendation adopted*, No. 4:15-CV-157, 2015 WL 10793721 (E.D. Tex. Sept. 28, 2015) (same).  Without good cause, an extension of time to serve is not mandatory, and it is within this Court's discretion to dismiss the case.  *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  Because Plaintiff failed to sustain his burden to show that Defendants Wolf Marketing, LLC, Vincent Yates, Jeremy Valentino, and Data Genie, LLC have been properly served with suit, and no good cause exists to extend the time period for service any further, the Court finds that Plaintiff's claims against Defendants Wolf Marketing, LLC, Vincent Yates, Jeremy Valentino, and Data Genie, LLC should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's claims against Defendants Wolf Marketing, LLC, Vincent Yates, Jeremy Valentino, and Data Genie, LLC be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of September, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE